## DAVID S. DAVENPORT *et al.*

### *v.*

## SMILEY H. HENDERSON.

1. BILL FOR AN ACCOUNT. In 1837, D &.H, partners in trade, loaned to the firm of J. & S. Dunlap two sums of money, taking their notes therefor. J. Dunlap, at the same time, holding a note against D. In 1839, D & H dis-solved, and in 1862, shortly before D's death, he and J. Dunlap settled, and the notes on both sides were surrendered: *Held*, in a suit by H, against D's executors, to compel an accounting as to the notes so received by D, it appearing in evidence that no final settlement had ever been made between D & H, concerning their partnership affairs, and that D had stated to J. Dunlap, as late as 1852, that H was interested in these notes; that the pre-sumption that they had been assigned to D, could not be indulged, because of the lapse of time between the dissolution of the firm of D & H, and the set-tlement of the notes by D, and that H, therefore, was entitled to said accounting.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. MORRISON & EPLER, for the appellants.

Mr. HENRY E. DUMMER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1837, Ira Davenport and Smiley H. Henderson, being partners in trade, loaned to the firm of James and George A. Dunlap, two sums of money, one of $400 and one of $180, taking their notes therefor. James Dunlap, at the same time, held the note of Ira Davenport. The firm of Davenport & Henderson was dissolved in 1839. In 1862, and shortly before the death of Ira Davenport, he and Dunlap settled, and the

notes on both sides were surrendered. This was a bill in chancery, filed by Henderson, against the executors of Davenport, to compel them to account to him for one half of the Dunlap notes, and the court decreed as prayed by complainant.

We can see no grounds for reversing this decree. It is suggested that, owing to the long lapse of time between the dissolution of the firm of Davenport & Henderson and the settlement of these notes, we should presume the notes had been assigned to Davenport in disposing of the assets of the firm. But it does not appear that any final settlement of the partnership accounts was ever made, and James Dunlap testifies that in 1852 Davenport told him Henderson was interested in these notes. It also appears, that the two firms of Davenport & Henderson and James & George A. Dunlap had been engaged together in packing pork, and their accounts had never been finally settled. This may explain why Henderson suffered the notes against the Dunlaps to remain so long unsettled.

It is also suggested that the bill should have sought a general settlement of partnership accounts. If there were any other partnership matters remaining unadjusted, that fact should have been brought to the knowledge of the court in the answer, and they could have been provided for in the decree. Nothing of this sort was suggested by the answer. The decree of the Circuit Court is affirmed.

*Decree affirmed.*