## ANNIE V. JOHNSON, Admx.

### *v.*

## ANGELINE DIVERSEY *et al.*

CHANCERY—*delay in prosecuting a suit, if good cause appears, will not defeat a new suit, as to same matter.*  The administratrix of a deceased partner filed a bill soon after his death, against the surviving partner, for an account of the partnership funds.  The civil war broke out soon after, and the complainant, being a resident of one of the disloyal States, could not have ready communication with her counsel, and the defendant, who resided in the county where the suit was pending, did nothing to bring the cause to a hearing, and no steps were taken therein from 1862 to 1869.  In the latter year the defendant died, and complainant revived the suit against his personal representatives, and, from that time up to the fire of October, 1871, in Chicago, the suit was actively prosecuted, and the record had become very voluminous, when it was destroyed by that fire.  It being found impracticable to supply the lost record, the suit was dismissed, and another suit instituted, being, in reality, a revival of the original suit, the dismissal

having been made to avoid the difficulties arising from the inability of parties to substitute the lost records: *Held*, that there was no such *laches* shown on the part of the complainant as to deprive her of a standing in a court of equity; and that it was error to refuse to hear evidence on the merits of the case and to dismiss the bill.

Appeal from the Superior Court of Cook county; the Hon. S. M. Moore, Judge, presiding.

Francis Johnson and Michael Diversey, when living, were partners in the wholesale and retail liquor business. By the terms of the written articles of co-partnership, the survivor had two years in which to close up the affairs of the firm, after the death of the other partner. Johnson died in 1860, and Diversey at once assumed exclusive control of the business and effects of the concern. No account was ever rendered to the administratrix of the estate of the deceased partner.

In 1861 complainant, who had previously been administratrix of her husband's estate, exhibited a bill against Diversey, asking the appointment of a receiver, and that an account be taken of the effects of the firm. The prayer of the bill, so far as it asked for the appointment of a receiver, was disallowed, but the court entertained it as a bill for an account. Answers were filed and proofs taken. In the meantime, complainant had become a resident in one of the States in rebellion against the Government. Communication with her attorneys was, in a measure, cut off, and, from 1862 to 1869, but little was done, by either party, towards securing a final trial. In the latter year Diversey died, and the suit was revived by making his personal representative a party. Service was had on the administratrix and the cause again progressed, but no hearing was had before the fire of 1871, which destroyed all the records. Notice was given and efforts made to restore the record, but delays occurred and the time extended to complete the work, sometimes by order of court, and sometimes by stipulation of parties.

On account of the complications and difficulties experienced, it was found to be impracticable to restore the former pleadings, and that suit was dismissed and the present one com-

menced.    This bill contains a succinct history of the proceedings in the former suit and the reasons for dismissing the bill.

On the hearing of this cause, the court required the parties to produce evidence on the question whether the bill should be dismissed for want of equity, on account of the alleged *laches* of complainant in prosecuting her suit, and refused to hear testimony touching the merits of the matters in controversy.    The court dismissed the bill, and that decision is the only matter brought before this court on the appeal.

Mr. EPHRAIM BANNING, and Mr. HARRY HARRISON, for the appellant.

Mr. F. LACKNER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

We think the court erred in its decision dismissing the bill. All the facts and circumstances considered, it does not appear complainant has been guilty of such *laches* as would deprive her of any standing in a court of equity.    Soon after the death of her husband and her appointment as administratrix of his estate, she exhibited her bill, calling upon the surviving partner of the firm of which her husband was a member, to render an account of the affairs of the concern.    It is conceded, this bill was prematurely filed, for the reason the two years allowed by the articles of co-partnership to the surviving partner to close up the business had not then expired.    Nevertheless, the court retained the bill so far as it asked for an account.    Answers were filed and proofs taken.    But complainant residing in one of the disloyal States, and not having ready communication with her resident counsel, it seems the cause was not brought to a hearing.    Diversey resided in the county where the suit was pending, and had he desired a speedy trial it was his privilege to have it, and, no doubt, on application the court would have awarded it to him.    But he did nothing to advance the cause.    No steps seem to have been taken by either party in the cause from 1862 to 1869.    After the death of Diversey,

which occurred in 1869, complainant revived the cause against his personal representative. The difficulties occasioned by the existence of the civil war had ceased, and thereafter no unreasonable delay was suffered in the prosecution of the case. Service was obtained on the administratrix of Diversey's estate as soon as was practicable. Every preparation was being made for a final disposition of the cause, when all the records and pleadings were destroyed by fire, in 1871. According to the testimony, the papers in the cause had become very voluminous, and one witness, whose judgment is entitled to great weight, says, in view of that fact he would not have undertaken to restore them for any reasonable consideration. Nevertheless, complainant and her counsel were doing all they reasonably could in the prosecution of the suit. It may be said complainant was persistent in her individual efforts. Negotiations for a compromise were entertained, as counsel assured the court, with reasonable prospect of successful termination. When it was found to be impracticable to restore the records and files in the former suit with any degree of accuracy, it was dismissed and the present bill filed. It is, in effect, but a revivor of the former suit, a continuation of the same litigation, although the bill is nominally a new one. The filing of the new bill was the speediest and best way out of the difficulties occasioned by the destruction of the records. It would be attended by the least delay, and we do not understand how it could prejudice either party, certainly not the defendants. It is true this litigation has been pending many years, but it is not altogether the fault of complainant. Complications and difficulties, arising out of the civil war and the destruction of the records, were the causes of the chief delay. No delay arising out of either of those causes could be imputed to her as *laches*. It was in the power of the surviving partner, in his lifetime, to have put an end to this litigation by rendering an account of the trust funds that came to his hands. That effects belonging to the firm came to his possession as surviving partner, is not denied; but how they were disposed of is not known. So far as this record discloses he rendered no account, and the court decline to hear

evidence touching the matters in dispute. Had Diversey, in his lifetime, shown a tithe of the anxiety manifested by complainant to settle the partnership transactions, they could have been adjusted long before his death.

All the delay that has occurred since the destruction of the records has been sufficiently explained by the difficulties in the way of the restoration of the records, in no way attributable to complainant, and by negotiations for a compromise between the parties, which, at one time, it was thought would result in a successful termination.

Sustaining, in some degree, the views we have expressed, are the following cases: *Smith* v. *Ramsey*, 1 Gilm. 373; *Davenport* v. *Henderson*, 47 Ill. 74; *Clark* v. *Hogle*, 52 id. 427; *Logan* v. *Simmons*, 3 Md. Eq. 487.

The difficulties in the way of taking an accurate account, in consequence of the death of the parties and of some important witnesses, we apprehend will be quite as embarrassing to complainant as to defendants. But were it otherwise, that fact constitutes no insuperable objection to adjusting accounts of trust funds that ought to have been done sooner. It is, perhaps, the misfortune of defendants, arising out of the neglect of their ancestor to render an account of funds with which he is charged as having in his possession.

The decree will be reversed, and the cause remanded.

*Decree reversed.*